UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 13 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Robert Heard, )
)
        Plaintiff, )
)
v. ) Civil Action No. 19-2054 (UNA)
)
Mexicans *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Gainsville, Georgia, has sued "Mexicans," "Muslims," "Political Factions [House Judiciary Committee]," "Iranian President," "V. Putin," and "John and Jane Does." Compl. Caption. The complaint is difficult to follow but the crux of plaintiff's claim is that the defendants "have lunged into a full scale attack on the President of this nation," and "however odd as it may seem[,] there is no sound foundational undergirding of necessitated factual evidence that associates the President with such behavior as is acqusated [sic] against him." Compl. at 1-2. Plaintiff essentially wants "a hearing" so "we shall see why they are after the President" and to "jail" the defendants for the alleged "conspiratorial acts of coverup, and thefts and overthrow[,] treasonous behavior." *Id.* at 4.

The Constitution limits the jurisdiction of the federal courts to deciding actual "Cases" and "Controversies." U.S. Const. Art. III, § 2. "Standing to sue is a doctrine rooted in the

1

traditional understanding of a case or controversy" that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

To satisfy Article III standing, plaintiff must have at least "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citations omitted). The injury must involve "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan*, 504 U.S. at 560 (citations, internal quotation marks, and internal alterations omitted).

Plaintiff has not alleged an injury, much less one that he has suffered at the hands of the defendants, and he "cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Purported harm based solely on "a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens . . . normally does not warrant exercise of jurisdiction."[1] *Id.* Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: August 13, 2019

United States District Judge

---

[1] Insofar as plaintiff seeks to "jail" the defendants, Compl. at 4, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).